UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIGUEL ANGEL JIMINEZ,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. C13-1208JLR<br><br>ORDER DENYING 28 U.S.C. § 2255 MOTION |

Before the court is Petitioner Miguel Angel Jiminez's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Mot. (Dkt. # 1).) Having reviewed the motion, all submissions filed in support of and opposition thereto, the record, and the applicable law, and being fully advised, the court DENIES Mr. Jiminez's motion.

## I. BACKGROUND

In 2011, the court sentenced Mr. Jiminez to 340 months in prison following his conviction on 19 counts related to cocaine distribution and money laundering in violation

ORDER- 1

of 21 U.S.C. §§ 846 and 841(a)(1), and 18 U.S.C. § 1956(h).  The conviction and sentence was affirmed by the Ninth Circuit Court of Appeals in May, 2013.

## II.   ANALYSIS

Mr. Jiminez makes four claims as the basis for his 28 U.S.C. § 2255 motion:

1. The district court lacked jurisdiction to preside over the charged offenses;

2. The Assistant United States Attorney committed prosecutorial misconduct during closing argument by allegedly asking the jurors to speculate as to the final destination of the cocaine when no such evidence existed;

3. The district court improperly instructed the jury on reasonable doubt; and

4. Trial counsel was ineffective in failing to present expert testimony concerning an alternative theory regarding the ultimate destination for the cocaine.

The court addresses each claim in the order presented.

1.   <u>Lack of Jurisdiction</u>

Mr. Jiminez appears to claim that the court lacked subject matter jurisdiction over his case because the government presented insufficient evidence to establish that he participated in a conspiracy to distribute drugs in the United States.  This claim is barred because this specific issue was raised and rejected on direct appeal.  *See United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000); *United States v. Jiminez, et al.*, 2012 WL 2137515, at *1 (9th Cir. May 17, 2013).  Mr. Jiminez attempts to present the same issue in the context of a lack of subject matter jurisdiction.  However, the Ninth Circuit found that there was sufficient evidence to support Mr. Jiminez's conviction for intending to import and distribute cocaine in the United States, clearly a matter the district court had jurisdiction to hear.  *Jiminez*, 2012 WL 2137515, at *1.

//

2.  Government Misconduct

Next, Mr. Jiminez claims that the government committed misconduct during closing argument by arguing a theory of the case for which there was insufficient evidence. This claim is procedurally barred. On direct appeal, the Ninth Circuit concluded that the evidence was sufficient to establish beyond a reasonable doubt that Mr. Jiminez committed each of the charged offenses. Accordingly, the government cannot be deemed to have committed prosecutorial misconduct by arguing the same theory for which the Ninth Circuit concluded there existed sufficient evidence. There was sufficient evidence to support this theory, so it was not misconduct to argue it.

3.  Failure to Properly Instruct

Next, Mr. Jiminez claims that the district court erred in instructing the jury on reasonable doubt. This claim is also procedurally barred. Mr. Jiminez failed to raise this claim on direct appeal. *See Withrow v. Williams*, 507 U.S. 680, 720-21 (1993); *see also Jiminez*, 2012 WL 2137515. Further, Mr. Jiminez has failed to establish either cause or prejudice to overcome procedural default. The court instructed the jury on reasonable doubt in accordance with Ninth Circuit Model Jury Instruction No. 3.5 (2010 ed.). The court gave the correct and proper instruction.

4.  Ineffective Assistance of Counsel

Mr. Jiminez's final claim is that his counsel was ineffective by electing not to present an unsupported theory regarding the final destination of the drugs. The jury heard substantial evidence regarding the final destination for the 10 tons of cocaine and Petitioner's counsel argued an alternative destination defense. Mr. Jiminez's newly

proffered evidence, which is unverified, does not contradict or undermine the government's evidence at trial linking the drugs to the United States. As such, Mr. Jiminez has failed to demonstrate that counsel's performance was inadequate or prejudicial, which is required to support an ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

### III. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Jiminez's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. # 1). IT IS FURTHER ORDERED that pursuant to the standard articulated in *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), a certificate of appealability is DENIED.

Dated this 23rd day of October, 2013.

JAMES L. ROBART
United States District Judge